# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Southwestern Bell Telephone Company; AT&T Communications of Texas, Inc.; Indiana Bell Telephone Company d/b/a AT&T Indiana; Pacific Bell Telephone Company d/b/a AT&T California; BellSouth Telecommunications, LLC; Teleport Communications Group, Inc. d/b/a TCG Illinois; New Cingular Wireless PCS, LLC d/b/a AT&T Mobility; and SNET Diversified Group, Inc. d/b/a AT&T Diversified Group, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:11-cv-02009-O |
| Phil Iverson; Chris J. Gose; Feature Films for Families, Inc.; All Things Family, Inc.; CCI Communications LLC; Blue Skye, L.C.; Vera, L.C.; and **John Does 1-50** | |
| Defendants. | |

## AGREED MOTION FOR ORDER OF DISMISSAL AS TO
## DEFENDANTS CHRIS J. GOSE AND CCI COMMUNICATIONS LLC

Plaintiffs Southwestern Bell Telephone Company *et al.* (collectively, "Plaintiffs") file this Agreed Motion for Order of Dismissal as to Defendants Chris J. Gose and CCI Communications LLC (collectively, the "CCI Defendants" and, together with Plaintiffs, the "Parties"), and in support thereof state to the Court as follows:

1. In their First Amended Complaint (Doc. #19), Plaintiffs assert a number of claims against the CCI Defendants arising under state common law and various state and federal statutes. On September 29, 2011, the CCI Defendants filed a motion to compel arbitration of certain of Plaintiffs' claims and to dismiss the remainder of Plaintiffs' claims. Since then,

Plaintiffs and the CCI Defendants have engaged in earnest settlement discussions in an effort to arrive at a mutually agreeable resolution of Plaintiffs' claims.

2. As of this time, the Parties have not reached an agreement to fully and finally settle Plaintiffs' claims. However, the Parties have agreed to a dismissal of Plaintiffs' claims against the CCI Defendants without prejudice, on the condition that the Court grant Plaintiffs leave to reinstate the dismissed claims up to and including fourteen (14) days beyond the close of fact discovery in this case. In the event that Plaintiffs do not reinstate any of the dismissed claims within that time, the Parties have agreed that the dismissal of Plaintiffs' claims against the CCI Defendants should automatically become a dismissal with prejudice.

3. Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiffs have the right to dismiss the CCI Defendants without an Order from this Court, as no party in this case has served either an answer or a motion for summary judgment. However, because the Parties have agreed to a dismissal of Plaintiffs' claims against the CCI Defendants subject to certain conditions, one of which is that Plaintiffs be given leave of Court to reinstate their claims against the CCI Defendants up to and including 14 days beyond the close of fact discovery, the Parties jointly submit this Motion requesting that the Court approve and enter an Order dismissing the CCI Defendants subject to the Parties' agreed-upon conditions.

Wherefore, the undersigned Parties respectfully request that the Court enter an Order dismissing Plaintiffs' claims against the CCI Defendants subject to the conditions set forth in this Motion.

Dated:  November 3, 2011                    Respectfully Submitted,

                                            /s/ Christian F. Binnig

                                            Richard M. Parr
                                            Texas Bar No. 15534250

        Lawrence Fogel
Texas Bar No. 24050608
AT&T Services, Inc. – Legal Department
One AT&T Plaza, Suite 2900
208 South Akard Street
Dallas, Texas  75202-4208
(214) 757-3386
(214) 748-1660 (fax)
rp3639@att.com
lf143c@att.com

**OF COUNSEL**:

Christian F. Binnig (IL Bar No. 6194161)
Jeffrey M. Strauss (IL Bar No. 6181435)
Matthew D. Provance (IL Bar. No. 6300603)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600
(312) 701-7711 (fax)
cbinnig@mayerbrown.com
jstrauss@mayerbrown.com
mprovance@mayerbrown.com

*Attorneys for Plaintiffs Southwestern Bell Telephone Company; AT&T Communications of Texas, Inc.; Indiana Bell Telephone Company d/b/a AT&T Indiana; Pacific Bell Telephone Company d/b/a AT&T California; BellSouth Telecommunications, LLC; Teleport Communications Group, Inc. d/b/a TCG Illinois; New Cingular Wireless PCS, LLC d/b/a AT&T Mobility; and SNET Diversified Group, Inc. d/b/a AT&T Diversified Group*

/s/ Gene R. Besen

Gene R. Besen
Texas Bar No. 24045491
gene.besen@snrdenton.com
SNR DENTON US LLP
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201-1858
(214) 259-0900

(214) 259-0910 (fax)
gene.besen@snrdenton.com

Dan Barnowski*
J. Isaac Himowitz*
SNR DENTON US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 2005
(202) 408-6400
(202) 408-6399 (facsimile)
dan.barnowski@snrdenton.com
j.isaac.himowitz@snrdenton.com
(*To be admitted *pro hac vice*)

***Attorneys for Defendants Chris J. Gose and CCI Communications LLC***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b) of the Northern District of Texas, I, Christian F. Binnig, certify that a telephone conference on the attached motion was held on November 2, 2011, between myself and Dan Barnowski, counsel for the CCI Defendants, where this motion was agreed to.

/s/ Christian F. Binnig

Christian F. Binnig

## CERTIFICATE OF SERVICE

On November 3, 2011, I electronically submitted the foregoing Notice with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Christian F. Binnig

Christian F. Binnig