IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, ET AL. | § § § | |
| Plaintiffs, | § § | NO. 3-11-CV-2009-O-BD |
| VS. | § § | |
| PHIL IVERSON, ET AL. | § § | |
| Defendants. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Feature Films for Families, Inc. ("FFF"), All Things Family, Inc. ("ATF"), Blue Skye, L.C. ("Blue Skye"), and Vera, L.C. ("Vera"), collectively referred to as the "Corporate Defendants," and their putative agent, Phil Iverson ("Iverson"), have filed separate Rule 12(b) motions to dismiss the First Amended Complaint filed by plaintiffs, all of whom are AT&T entities, in this civil action seeking money damages and injunctive relief as a result of "spoofing" activities by defendants in 10 different states from 2006 to the present.[1] Among the 48 claims alleged by plaintiffs in their 79-page amended complaint are: (1) common law fraud, trespass to chattel, conversion, unjust enrichment, and restitution under the laws of various states; (2) violations of state statutes applicable to computer crimes and computer security; and (3) violations of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. As grounds for dismissal of some or all of these claims, the Corporate Defendants contend that:

---

[1] The term "spoofing" refers to a process in which a caller hides the actual telephone number from which a call originates and replaces it with a different, "spoofed" number so that the Caller ID system will interpret the call as originating from the "spoofed" number. According to plaintiffs, defendants utilized computer software that allowed them to make millions of "spoofed" calls for the purpose of harvesting commercially valuable information through AT&T's customer name ("CNAM") database.

- federal subject matter jurisdiction is not apparent on the face of the complaint;

- the doctrine of primary jurisdiction requires dismissal of all claims;

- plaintiffs have failed to adequately plead their state law claims; and

- some of the claims are subject to mandatory arbitration and forum selection agreements.

Iverson also challenges the sufficiency of plaintiffs' factual allegations under *Iqbal* and *Twombly*. In addition, Iverson argues that all or part of the claims against him arising from telecommunications services provided in Dallas, Utah, and Chicago are barred by limitations or should be transferred to a New York City court, and that the claims based on conduct in Atlanta are either barred by limitations or subject to arbitration.

The court first addresses, as it must, the issue of subject matter jurisdiction. *See Wells Fargo Bank, N.A. v. American Gen. Life Ins. Co.*, 670 F.Supp.2d 555, 559 (N.D. Tex. 2009) (subject matter jurisdiction is a threshold issue that must be addressed first). The Corporate Defendants argue that there is no basis for federal question jurisdiction because plaintiffs have failed to adequately plead the elements of their sole federal claim -- a violation of the CFAA. Under this statute:

> Whoever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer if the conduct involved an interstate or foreign communication . . . shall be punished as provided in subsection (c) of this Act.

18 U.S.C. § 1030(a)(2)(C).[2] The CFAA is a primarily a criminal statute, but provides for a private cause of action where a plaintiff meets the requirements of section 1030(g). One such requirement

---

[2] On September 26, 2008, the CFAA was amended by striking the words "if the conduct involved an interstate or foreign communication" after "protected computer." *See* Identity Theft and Restitution Act of 2008, Pub. L. No. 110-326, 122 Stat. 3560, § 203. Because both parties cite to the prior version of the statute in their jurisdictional arguments, the court will decide the motion without reference to the amendment.

is damage or loss "during any 1-year period . . . aggregating at least $5,000 in value." *See id.* § 1030(g) & (c)(4)(a)(i)(I). In their complaint, plaintiffs have sufficiently alleged all three elements of their CFAA claim: (1) that the alleged conduct involved an interstate or foreign communication; (2) that defendants intentionally accessed a "protected computer" without authorization or exceeded authorized access; and (3) that losses exceeded $5,000 during a one-year period. *See Modis, Inc. v. Bardelli*, 531 F.Supp.2d 314, 318-19 (D. Conn. 2008). More particularly, plaintiffs allege that every Caller ID name query is routed through a computer database located in New Haven, Connecticut, and that all of the "spoofed" calls placed by defendants originated in other states. (*See* Plf. First Am. Compl. at 9, ¶ 21; 12-13, ¶ 36; 17-33, ¶¶ 48-114). Plaintiffs further allege that the "spoofing" activities of defendants, which involve data mining through the use of computers, are an "unauthorized and inappropriate" use of AT&T's network and services, (*see id.* at 18-19, ¶¶ 55-56), resulting in losses of more than $5,000 in value during a one-year period, and total losses in excess of $1.5 million. (*Id.* at 69, ¶ 371). These jurisdictional allegations, which must be taken as true, are sufficient to withstand dismissal at the pleading stage. *Southwest Airlines Co. v. Harris*, No. 3-07-CV-0583-D, 2007 WL 3285616 at *2 (N.D. Tex. Nov. 2, 2007) (citing cases) (where defendant challenges subject matter jurisdiction on the pleading alone, the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true").[3]

Nor are plaintiffs' claims subject to the doctrine of primary jurisdiction. "The doctrine of primary jurisdiction attempts to maintain 'proper relationships between the courts and administrative agencies' by suspending judicial process pending the 'referral' of certain issues to an administrative

---

[3] Plaintiffs also allege that federal subject matter jurisdiction is proper on the basis of diversity of citizenship. (*See* Plf. First. Am. Compl. at 5, ¶ 11). While plaintiffs do not affirmatively plead the citizenship of each member of Blue Skye and Vera, both of which are limited liability companies, as required by Fifth Circuit precedent, they have requested an opportunity to conduct limited jurisdictional discovery before dismissal. The court would be inclined to grant that request.

agency for its views." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 809 (5th Cir. 2011), *quoting United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). While no fixed formula guides the application of this doctrine, agency referral is favored where "it will promote even-handed treatment and uniformity in a highly regulated area, or when sporadic action by federal courts would disrupt an agency's delicate regulatory scheme[,] or . . . the agency possesses expertise in a specialized area with which the courts are relatively unfamiliar." *Id.* at 811 (citing cases). Here, splitting up plaintiffs' claims and referring them to regulatory agencies in 10 different states would *reduce* the potential for "even-handed treatment and uniformity." Moreover, none of plaintiffs' claims directly implicates state regulatory rules or tariffs. Rather, all of the state law claims arise under common law and state statutes. Thus, a state regulatory agency is no better suited than this court to hear these claims.

Without suggesting a view of whether all or part of plaintiffs' claims against Iverson arising from telecommunications services provided in Dallas, Utah, Chicago, and Atlanta are barred by limitations, the court concludes that it would be more appropriate to address this affirmative defense on a full record at the summary judgment stage. *See Tamayo v. Hamer*, 256 F.R.D. 175, 178 (N.D. Ill. 2009) (sufficiency of limitations defense can be more thoroughly tested on motion for summary judgment). The court also determines that plaintiffs should be permitted to amend their complaint in an attempt to cure the other pleading deficiencies identified by the Corporate Defendants and Iverson in their respective motions to dismiss. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the

court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Plaintiffs should be ordered to file an amended complaint within 20 days after this recommendation is adopted by the district judge.

The other arguments made by the Corporate Defendants and Iverson -- that some of plaintiffs' claims are subject to mandatory arbitration and forum selection agreements -- will be addressed in due course by a separate recommendation.

## RECOMMENDATION

The court should deny the Rule 12(b) motions to dismiss filed by the Corporate Defendants [Doc. #39] and Phil Iverson [Doc. #37] on the grounds of failure to adequately plead subject matter jurisdiction, the doctrine of primary jurisdiction, limitations, and failure to state a claim upon which relief can be granted. Plaintiffs should be ordered to file an amended complaint within 20 days after this recommendation is adopted by the district judge. The magistrate judge will address whether some of plaintiffs' claims are subject to mandatory arbitration and forum selection agreements in a separate recommendation to be issued in due course.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2012.

                                               JEFF KAPLAN
                                               UNITED STATES MAGISTRATE JUDGE